HENRY H. CRAIG and others, Respondents, *v.* JOHN M. SWINERTON, Impleaded with HENRY JANES, Appellant.*

*Mechanic's lien — chap. 489, Laws of 1873 — materials furnished to vendee in possession under executory contract — Consent — Title of owner of fee not affected — when.*

Chapter 489, Laws of 1873, does not authorize the creation of a lien as against the owner of the legal title to property, in regard to which there is an outstanding executory contract of sale with the vendee in, and entitled to the possession of the land, for materials and labor furnished to the vendee on a building contract made with him, or for his own benefit, unless such labor or supplies are furnished with the express consent of the owner of the fee of the land.

* See *Wheeler* v. *Scofield*, 6 Hun, 655. — [Rep.

APPEAL by the defendant Swinerton from a judgment in favor of the plaintiff, entered upon the report of a referee, and from an order confirming the report and an order denying a motion for a new trial.   The action was brought in the Monroe County Court for the foreclosure of a mechanic's lien under chapter 489, Laws of 1873, and was referred.   The notice of lien was filed December 10, 1873, and alleged a claim against Henry Janes for materials "furnished to and used by said Henry Janes, in pursuance of an agreement with him," and that the same were used in erecting "three dwelling-houses and appurtenances on Jennings street," in Irondequoit, and that sixty days have not elapsed since the said materials were furnished.   That Janes "has the equitable title and one John M. Swinerton the legal title to said buildings," etc.   The notice of foreclosure, after setting forth the claim for materials, contained this clause : "Which materials were furnished to and applied by the said Janes in erecting the three buildings now owned by you, said Swinerton," and was the only allegation relating to Swinerton.

*Quincy Van Voorhis*, for the appellant, Swinerton.

*De L. Crittenden*, for the respondent.

TALCOTT, J. :

This is an action commenced in the County Court of Monroe county to foreclose a mechanic's lien and comes here on an appeal by John M. Swinerton from a judgment rendered on the report of a referee, and from an order confirming the same and from an order denying a new trial in the action.   The proceeding was commenced under chapter 489 of the Laws of 1873.   The statute provides (§ 1), that whoever shall perform any labor in erecting, altering or repairing any house, or who shall furnish any materials therefor with the consent of the owner, being such owner as is in this section hereinafter described, shall, on filing a certain notice, have a lien for the value of such labor and materials, and upon the lot on which the same shall stand, to the extent of the right, title and interest of the owner of the property, whether owner in fee or of a less estate, or whether lessee for a term of years thereafter, or

vendee in possession under a contract existing at the time of the filing of said notice, or any right, title or interest in real estate against which an execution at law may now be issued. In this case one Strawbridge was the builder, having contracted with one Henry Janes to erect three houses on some land in the outskirts of Rochester, of which Janes had the possession and control as a vendee under an executory contract of sale. The claimants are lumber dealers who furnished certain lumber, used in the erection of the said houses, upon the order and credit of Janes. It is claimed that the defendant John M. Swinerton held the legal title to the land in question at the time of the filing of the notice of claim in the county clerk's office. The notice, upon the filing of which in the county clerk's office it is claimed that the lien was created, alleges that the lumber was furnished to Henry Janes and in pursuance of an agreement with him, and that Henry Janes has the equitable title and "one John M. Swinerton, of the city, county and State aforesaid, has the legal title to said buildings, appurtenances and lots," but contains no intimation that Swinerton had ever consented to the erection of the said buildings, or the furnishing of the said lumber by the claimants, or that any claim was made that the interest of Swinerton in the land was in any way liable, or claimed to be liable, for the amount due from Janes to the claimants, or any part thereof. The notice served at the commencement of the action in the County Court under section 6, and which, though also called a notice, answers substantially to the ordinary summons and complaint in an action, also sets up the claim as against Janes, whom it styled "former vendee in possession," with whom, it alleges, that an agreement for the erection of the buildings and appurtenances was made with Leonard Strawbridge, "who was contractor therefor." This notice, or complaint, also contains a statement that the materials for which the claimants claim were furnished to and applied by said Henry Janes "in erecting the three buildings now owned by you, said Swinerton, situate," etc. This notice, or complaint, also wholly omits to aver any facts which tend to show that the interest of Swinerton in the land was in any way liable or subject to the lien of the plaintiffs by reason of his consent to the furnishing of the lumber, or for any other cause. The sixth section of the act requires that

the notice, by which the action is commenced, should contain "a statement of the facts constituting the claim and the amount thereof, and any other facts material to the case." We think the notice in the action commenced in court at all events, ought to contain some allegations, if not expressly asserting, certainly from which it is reasonably to be inferred, that a lien is claimed against the interest of such as are intended to be made parties defendant in the action. No such allegation is contained in either of the notices in this case, and nothing from which it can be inferred that the claimants seek to establish any lien against the vendor's interest, which it is claimed was vested in Swinerton, or that the claimants claim that any such state of facts exist as would authorize the assertion of a lien against him. But, however this may be, it may be safely asserted that the legislature did not intend to authorize the creation of a lien as against the owner of the legal title to property, in regard to which there was an outstanding executory contract of sale with the vendee in, and entitled to the possession of the land, for materials and labor furnished to the vendee on a building contract made with him, or for his own benefit, unless the labor or supplies were furnished with the express consent of the owner of the fee of the land. This condition precedent is required in so many words by the statute, and is not so obscured by the verbiage of the act but that it is manifest that it was not intended to create, as against the general owner, a lien by which his property might be confiscated by the acts and indebtedness of another party, and wholly without the consent or interference of the general owner. In this case not only are the two notices referred to destitute of any allegations or suggestions of any facts whereby the claimants would be authorized to create a lien against the interest of the general owner, but it is nowhere asserted that the claimants make any claim against the interest of Swinerton. Moreover, the referee does not, in his report, find that Swinerton had any thing to do with the building contract, or the furnishing of the materials, or that the materials were furnished with the consent of Swinerton. We have carefully examined the evidence given before the referee and fail to find therein the slightest evidence that Swinerton consented to the erection of the buildings, or the furnishing of materials by the plaintiff, so that we have a judgment by which the

property of Swinerton is ordered to be sold in consequence of the acts and defaults of another party, not his agent, and without any averment or proof by which, under the act, Swinerton's property was in any manner pledged or liable to be sold. It would be very extraordinary if such a judgment could be upheld.

The order confirming the report and the order denying a new trial and the judgment in the proceeding are reversed, as against Swinerton, and a new trial ordered before another referee, costs to abide event as to said Jno. M. Swinerton, defendant.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Ordered accordingly.